SMITH *v.* MILAM.

4-4858

Opinion delivered December 13, 1937.

*Carter & Taylor,* for appellant.

*A. N. Hill,* for appellee.

BUTLER, J. The appellee brought suit against the appellant for money loaned him at various times in the aggregate sum of $325, which, with interest at the time of the suit, amounted to $383.50. With the complaint, appellee filed a statement of the dates and amounts of the various sums loaned, showing the first loans were made in May and September, 1930, for $15 each; two loans in May and one in September, 1931, and the balance of the loans in 1932 and '33, the last being on September 19, 1933. A demurrer was filed to the complaint which was overruled and appellant answered denying the allegations of the complaint and pleading, as an affirmative defense, the three-year statute of limitations.

At the trial, the appellee testified as to having loaned the appellant the various sums at about the times set out in her statement. Her testimony was to the further effect that at the time she began to make these loans, appellant was a school boy, apt in his work and anxious to complete it and to prepare himself for the profession of teaching. Appellee became interested in him and undertook to assist him. The understanding between them was that he would repay her out of his

first year's salary when he had completed his school work and had obtained a position as a teacher. At about the time of the completion of his school work in 1933, appellant gave a check which was not paid and he was unable to get his credits to be certified for teaching because of that. The appellee, on being informed of this, sent him $20 to clear the check, which seems to have been done as he began to teach in the fall of 1933, his school being out in May or June, following. Appellee wrote him after a time asking for payment of the moneys advanced as "the time was running out." She received no reply to this or any other letter. Appellant did not offer any testimony in denial of that given by the appellee, but contented himself with his plea of limitation and now, on appeal, urges upon this court as error of the trial court its refusal to sustain the plea and the submission of the case to the jury. He, also, complains that the court below failed to apply the principle of law stated in § 4862, Crawford & Moses' Digest, (§ 6059, Pope's Digest) which provides that unless the promise is to be performed within one year from the making thereof, an action cannot be maintained thereon unless there be some writing evidencing the same signed by the party to be charged. A sufficient answer to this is that the statute of fraud was not pleaded in the lower court and cannot be interjected into the case for the first time on appeal. Neither was the trial court in error in overruling the plea of limitation or in submitting the case to the jury. Indeed, the court might well have directed a verdict for the appellee under the undisputed facts. The statement of account filed with the complaint merely gave the dates and amounts of the various sums loaned and did not indicate when they became due, nor was any statement made to that effect in the complaint itself. Therefore, the complaint did not show on its face that the debt sued for was barred by the statute of limitations. The evidence on behalf of the appellee supplied the omission in the complaint and showed that the debt did not become due until after the expiration of appellant's first school term which was in May or June,

1934. The suit was filed on September 18, 1936, well within three years from May, 1934. The period from which the statute runs is "after the cause of action shall accrue." Section 6950, Crawford & Moses' Digest, § 8928, Pope's Digest. The cause of action on a debt does not accrue until after its maturity. Unwritten contracts, including those for the payment of borrowed money, may have a time for maturity depending on a future event. *Reeder* v. *Cargill*, 102 Ark. 518, 145 S. W. 223; *Davis, Adm'r* v. *Harrington*, 53 Ark. 5, 13 S. W. 315. Then, too, appellant having invoked the statute, the burden of proof was upon him to bring himself within its terms. *Yaffe Iron & Metal Co.* v. *Pulaski County*, 188 Ark. 808, 67 S. W. 2d 1017.

In every view of the case, the judgment of the trial court is correct and is, therefore, affirmed.