CITY OF HELENA *v.* ARKANSAS UTILITIES COMPANY.

4-7583                                    186 S. W. 2d 783

Opinion delivered April 9, 1945.

D. S. Heslep and George K. Cracraft, for appellant.

Leo J. Mundt, Burke, Moore & Walker, Graham Burke, House, Moses & Holmes and W. Horace Jewell, for appellee.

McHANEY, J. This is a proceeding brought by appellant in the circuit court to condemn for purchase the entire water works system of appellee located in the city of Helena, which system it had by a proper ordinance determined to acquire by virtue of the provisions of Act No. 131 of 1933, as amended by Acts Nos. 3, 96 and 107 of 1935, Act No. 135 of 1939 and Act No. 178 of 1943. Condemnation was sought under the provisions of § 5011 of Pope's Digest which is the same as § 4009 of C. & M. Digest as amended by Act No. 155 of 1935, which is the procedure provided by § 9 of said Act No. 131 of 1933 for a municipality to acquire an existing water works system therein under the power of eminent domain conferred in said section 9.

Appellees, the Arkansas Utilities Company, a domestic corporation domiciled in Helena, and the Union National Bank of Little Rock, as trustee in a trust indenture, to whom the property sought to be condemned was conveyed to secure certain bearer bonds, moved to dismiss the complaint on the ground that the complaint shows on its face that the circuit court had no jurisdiction of the parties to or the subject-matter of the action in this: that § 9 of Act 131 and § 5011 of Pope's Digest are not applicable to a condemnation proceeding to ac-

quire an existing water works system, but only to the construction of such a system or an integral part thereof; that said Act 131 of 1933, as amended, is not now applicable to a proceeding to acquire such a system by a municipality from a private owner if there is a dispute as to value; that to the extent § 9 of said Act 131 authorizes condemnation by the eminent domain statute, said act and section have been modified by Act 324 of 1935; that condemnation in a trial by a jury, such as is sought here, is wholly inadequate and inappropriate for determination of a reasonable and just value, and would result in a confiscation of the property in violation of the constitution of the United States and the State of Arkansas; that said Act 324 of 1935 is the only statutory authority under which said water works system may be acquired by appellant where, as here, there is disagreement between the parties as to the value of the property; and that if § 9 of said Act 131 and § 5011 of Pope's Digest be construed to give appellant the right to condemn the existing and operating plant of appellees, then they are unconstitutional in that they would deprive appellees of their property without due process of law and deny them the equal protection of the laws in violation of the Fourteenth Amendment to the U. S. Constitution.

The trial court sustained the motion, dismissed the complaint, and the case is here on appeal.

Act 131 of 1933 is entitled: "An Act to Provide for the Purchase, Construction, and Improvement of Water Works Systems in Cities and Incorporated Towns in the State of Arkansas, and to Provide for the Issuance of Revenue Bonds Payable Solely Out of the Revenue Derived Therefrom, and to Provide for the Operation of Such Systems in Case of Deficiencies in Revenues, and Declaring an Emergency." Section 1 provides that any city or incorporated town in this state "may purchase or construct a water works system—as in this act provided." Section 2 provides that "this act shall be construed as cumulative authority" for this purpose and shall not repeal any existing laws with respect thereof.

It also defines the term "water works" as used in the act to include "a water works system in its entirety." Sections 3 to 8, inclusive, provide, the action and procedure to be taken by the council when it determines "to purchase or construct a water works system," not relevant to the questions here presented, and § 9 has already been referred to. Section 13 reads as follows: "This act shall, without reference to any other statute be deemed full authority for the construction, acquisition, improvement, equipment, maintenance, operation and repair of the works herein provided for and for the issuance and sale of the bonds by this act authorized, and shall be construed as an additional and alternative method therefor and for the financing thereof, and no petition or election or other or further proceeding in respect to the construction or acquisition of the works or to the issuance or sale of bonds under this act and no publication of any resolution, ordinance, notice or proceeding relating to such construction or acquisition or to the issuance or sale of such bonds shall be required except such as are prescribed by this act, any provisions of other statutes of the state to the contrary notwithstanding; provided, however, that all functions, powers and duties of the state board of health shall remain unaffected by this act."

There are seven other sections of said act, but they are not pertinent to this inquiry. Appellant insists that this act furnishes complete and ample authority for the procedure taken by it.

Appellees insist that the relevant provisions of Act 324 of 1935 provide the exclusive procedure for the acquisition by purchase or otherwise of any public utility, or any part thereof, where "the parties to such purchase and sale have been unable to agree on just compensation to be paid and received, or any other terms and conditions of such sale." Quoted from § 49 of said Act 324. This act is entitled: "An Act Providing for the Better Regulation of Certain Public Utilities in the State of Arkansas, and for Other Purposes." It has 71 sections,

all of which except §§ 46 to 49, inclusive, have to do with matters of regulation and supervision of public utilities, and except also §§ 70 and 71, being the repealing and emergency sections respectively. Section 70 provides: "All laws, or parts of laws, in conflict herewith are hereby repealed; provided that nothing in this act shall be construed as repealing Act 131 or any part thereof of the acts of the General Assembly of March 21, 1933."

This language in § 70 of Act 324 is clear and unmistakable that the legislative intent was to leave Act 131 of 1933 intact, undisturbed and unrepealed in whole or in part, and this fact is further evidenced by the passage of three acts amendatory thereof in 1935, the same session at which Act 324 was enacted, and two thereafter, one in 1939 and the other in 1943. Act 135 of 1939 in § 1 amends § 2 of Act 131 of 1933 as amended to read: "This act shall be construed as cumulative authority for the purchase or construction of a water works system . . . and shall not be construed to repeal any existing laws with respect thereof." The term "water works system" is again defined as in the previous act as amended and other minor changes are made, not relevant here. Now, it appears that the Legislature did not intend to repeal Act 131 of 1933 by the enactment of Act 324 of 1935, and expressly said so. Sections 46 to 49, inclusive, of Act 324 of 1935 make no specific reference to the acquisition of water works systems by municipalities. Section 47 empowers municipalities "to acquire by purchase or otherwise . . . a public utility plant and equipment . . . for the production, transmission, delivery or furnishing, of any public service." The other sections set out the procedure to be followed, and that whenever the Department of Public Utilities shall have been notified by either party that a municipality has, pursuant to law, decided to purchase a utility therein, and that the parties are unable to agree on the compensation to be paid, or any other terms of sale, the department shall have a hearing and determine the question and certify same to all interested parties, and upon the filing of the order of the department with the clerk of the municipality, it "shall

thereupon be obligated to make the payments . . . in order to consummate such purchase." No method is provided in said Act 324 for financing by the municipality of the purchase price of any utility as fixed by the department, whereas Act 131 of 1933 does provide a method of such financing for the purchasing of water works system by the issuance of revenue bonds, and we do not now determine whether that method would be available to appellant if the condemnation proceedings were prosecuted under said Act 324. We held in *Snodgrass* v. *City of Pocahontas,* 189 Ark. 819, 75 S. W. 2d 223, that Act 131 of 1933 is constitutional because the bonds were to be paid solely from revenues derived from the water works system and not out of the general revenues of the city, or in other words, it was not a lending of credit or issuing interest bearing evidences of debt in violation of § 1, art. 16, of the constitution. To the same effect is *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5, which also holds that eminent domain was properly granted in said Act 131 of 1933 by § 9 thereof when it provided such power should be exercised as is provided in § 4009 of C. & M. Dig. and acts amendatory thereof, and was not invalid as amending or extending by reference.

Said Act 131 of 1933 deals wholly with the acquisition and construction of water works systems, or the construction of betterments and improvements to such existing systems by municipalities, whereas the sections above mentioned of Act 324 of 1939 deal with the right of municipalities to acquire by purchase or construct and operate "a public utility plant and equipment, or any part thereof, for the production, transmission, delivery or furnishing of any public service." Sec. 47. We take it for granted that a water works system is a public utility plant within the meaning of said act, although not specifically mentioned. However, by refusing specifically to repeal Act 131 or any part thereof, it may be that the Legislature intended to eliminate the acquisition of water works systems from the provisions of Act 324, and that it should apply to all other utilities as defined in the act, even though in § 1 (d) of said act the

term "public utility" when used in the act, is defined so as to include "persons and corporations, or their lessees, trustees and receivers, now or hereafter owning or operating in this state, equipment or facilities for: . . . (2). Diverting, developing, pumping, or furnishing water to, or for, the public consumption." As stated heretofore, only 4 sections of Act 324 relate to the purchase by municipalities of existing utilities, when there are 71 sections in the whole act. But whether this was the legislative intent there are expressions in Act 131, particularly in §§ 2 and 13, and also in the amendatory acts, declaring that "this act shall be construed as cumulative authority for the purchase or construction of a water works system . . . and shall not be construed to repeal any existing laws with respect thereof," in § 2, which was repeated in the amendatory act of 1939, after the passage of Act 324 of 1935. And in § 13, hereinbefore quoted in full, we emphasize the language, ". . . and shall be construed as an additional and alternative method therefor and for the financing thereof . . ."

We are, therefore, of the opinion that these two acts are cumulative each to the other, and that they provide alternative methods of procedure in the acquisition by municipalities of existing water works systems of private owners, and that Act 131 of 1933 does provide for condemnation in the circuit court of an existing water works system.

Appellees argue that, if said Act 131 be construed to give appellant the right to condemn said water works system by jury trial in the circuit court, it is unconstitutional, as being in violation of the due process and the equal protection clauses of the Fourteenth Amendment to the Federal Constitution. No case is cited which supports appellees, whereas appellant cites the case of *Public Service Co.* v. *City of Loveland*, 79 Colo. 216, 245 Pac. 493. In that case the city of Loveland condemned in a jury trial an electric light plant, the property of the Public Service Company, under the general condemnation statute of Colorado and the Supreme Court affirmed. As

pointed out heretofore, we said in *Jernigan* v. *Harris,* *supra,* that § 5011 of Pope's Digest is a valid statute for condemnation proceedings under Act 131 of 1933, and while it was not there sought to condemn an existing water works system, we see no constitutional objection to such procedure to accomplish that purpose. While, as appellee contends, the Utilities Commission might be better equipped to determine values of the component parts of such a system than would a jury of 12 men, this is an argument that might be addressed to the Legislature with more success than to the courts, as the Legislature may provide the procedure for the condemnation of private property for public use within constitutional bounds. See art. 2, § 22; art. 12, § 9; and art. 17, § 9, which last provides: "The exercise of the right of eminent domain shall never be abridged or so construed as to prevent the General Assembly from taking the property and franchises of incorporated companies and subjecting them to public use the same as the property of individuals."

We are not persuaded by the argument that an intelligent and disinterested jury is incapable of determining the value of appellees' plant in the city of Helena upon the testimony to be produced largely, we presume, by experts, and that it would involve values of both tangible and intangible property, nor that confiscation would or could be the result, when both the trial court and this court on appeal may review the jury's verdict. We assume that the trial court will empanel such a jury for the trial of this case, or even, upon a proper showing, change the venue to another county.

It follows from what we have said that the judgment must be reversed, and the cause remanded with directions to overrule the motion to dismiss and for further proceedings not inconsistent with this opinion.