Regana Ann MILLSAPS and Derrell E.
MILLSAPS *v.* Ramsey RINEHART, Jr.

82-62                                    634 S.W.2d 98

Supreme Court of Arkansas
Opinion delivered May 24, 1982
[Rehearing denied June 28, 1982.]

*Guy H. Jones, Phil Stratton* and *Casey Jones,* by: *Guy H. Jones,* for appellants.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellee.

RICHARD B. ADKISSON, Chief Justice. A jury awarded appellants, Regana and Derrell Millsaps, $1,300 as damages arising out of an automobile collision in which appellee, Ramsey Rinehart, Jr., was found negligent. The Faulkner County Circuit Court denied appellant's motion for a new trial, holding the jury verdict was supported by substantial evidence. On appeal, we affirm.

The accident occurred on August 9, 1977, in Little Rock as Mr. Millsaps was taking Mrs. Millsaps to her first day of work at Timex Corporation. The Millsapses were stopped in a line of traffic; appellee made a right turn and struck the Millsaps vehicle a grazing blow. Later that day Mrs. Millsaps went to a doctor in Conway, complaining of pain in her back and right arm; she did not see this doctor again.

Several months later she saw two orthopedic surgeons because of pain in her shoulder, back, and neck. Both

doctors encouraged Mrs. Millsaps to work and neither recommended surgery.

She first saw Dr. Dornenburg on October 4, 1977, who testified that he diagnosed her as having a possible fracture of her shoulder blade and recurring bicipital tendinitis. He also testified that he had treated Mrs. Millsaps in April, 1977, for pain in her shoulder and arm and an injury to her wrist which she had received while working for Baldwin Piano Company. She saw Dr. Dornenburg only this one time.

On October 28, 1977, she saw Dr. Lester, who testified that when he saw her she did not have bicipital tendinitis and that her shoulder X-ray was normal; however, he did find some degenerative changes and reversal of the curvature in her neck. He prescribed a mild tranquilizer, some pain medication, and certain exercises. Dr. Lester again treated Mrs. Millsaps on April 17, 1981, and found her to have some continuing ligament problems in her neck and prescribed a muscle relaxant.

After hearing the above evidence as well as testimony from Mrs. Millsaps's family and the Timex personnel director, the jury was instructed to consider the nature, extent, and duration of any injury; the pain, suffering, and mental anguish of appellant in the past and future; and the value of any salary lost. The jury then awarded Mrs. Millsaps no damages for anything except her medical expenses for which she received $1,000. Mr. Millsaps was awarded $300 for damage to his vehicle.

When a trial judge denies a motion for a new trial, the only issue on appeal is whether the verdict is supported by substantial evidence. *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). Here, although there was evidence which would have justified a larger award, there is substantial evidence to support the award that was given. Mrs. Millsaps's actual medical expenses totaled $908.50. Much of the testimony concerning the duration and extent of Mrs. Millsaps's injuries and her pain and suffering came from members of her family, whose credibility was for the jury to determine. Although Mrs. Millsaps did have a job at the time

of the accident she had not actually started working. Both doctors who saw her in 1977 testified that she could work, but she did not go back to work until March 8, 1979. Under these circumstances the jury could have concluded that she had not lost any wages. When there has been more than a nominal award by the jury, as here, a new trial should not be granted solely on the inadequacy of the verdict. *McAdams* v. *Stephens*, 240 Ark. 258, 399 S.W.2d 504 (1966).

Affirmed.