CITY OF FAYETTEVILLE *v.* Joanna BIBB

CA 89-243 781 S.W.2d 493

Court of Appeals of Arkansas
Division I
Opinion delivered December 20, 1989
[Rehearing denied January 24, 1990.]

*James N. McCord*, for appellant.

*Burke & Eldridge, P.A.,* by: *Thomas B. Burke,* for appellee.

JOHN E. JENNINGS, Judge. This is an appeal from a jury verdict in the Washington County Circuit Court. Appellant, the City of Fayetteville, Arkansas, contends that the trial court erred in denying its motion for a new trial. Appellee, Joanna Bibb, contends on cross-appeal that the court erroneously denied her motion for attorney's fees. We affirm on direct appeal, but reverse and remand on cross-appeal.

Appellee went to work for the city in June of 1971. For the next fifteen years, she worked in various capacities for appellant until she was terminated on October 20, 1986. Her position at the time of her termination was that of business manager, at an annual salary of $21,961.00. She then brought this action seeking compensation for almost 2,000 hours of "compensatory time" earned between January of 1979 and her termination for time worked over and above a normal forty hour work week. There is no dispute that appellee legitimately worked the hours claimed.

Appellant moved for summary judgment, contending that

there were no material issues of fact and that it was entitled to judgment as a matter of law. The trial court denied the motion, the case proceeded to jury trial, and the jury returned a verdict in favor of appellee for $20,779.44, which represented her hourly rate of pay at termination multiplied by the compensatory hours claimed.

Summary judgment is an extreme remedy and should only be granted when it is clear there is no issue of fact to be litigated. *Johnson* v. *Stuckey & Speer, Inc.,* 11 Ark. App. 33, 665 S.W.2d 904 (1984). The object of a summary judgment is not to try the issues but rather to determine whether there are issues to be tried; if there is any doubt whatever, it should be denied. *Wolner* v. *Bogaev,* 290 Ark. 299, 718 S.W.2d 942 (1986). Nevertheless, if a movant makes a prima facie case with its motion for summary judgment, with accompanying evidence, then the burden shifts to the other party, and that party must then come forward with proof to demonstrate that there is a genuine dispute on an issue of material fact. *McDonald* v. *Eubanks,* 292 Ark. 533, 731 S.W.2d 769 (1987). Finally, even if the trial court is convinced that the moving party is entitled to summary judgment, it has discretion to deny the motion. *Karnes* v. *Trumbo,* 28 Ark. App. 34, 770 S.W.2d 199 (1989); *McLain* v. *Meier,* 612 F.2d 349 (8th Cir. 1979).

Appellant argues that the trial court erred in refusing to grant summary judgment. Appellant contends that appellee, in order to recover money payment in lieu of her accumulated "comp time," must show that "such payment is authorized by legislative enactment or other proper authority," citing *Riepe* v. *City of Independence,* 525 S.W.2d 622, 624 (Mo. App. 1975); *Koudelka* v. *Village of Woodridge,* 413 N.E.2d 1381 (Ill. App. 1980); *Rusk* v. *Whitmire,* 541 P.2d 1097 (Nev. 1975); *Pootel* v. *City and County of San Francisco,* 270 P.2d 553 (Cal. App. 1954). A more complete statement of the general rule is found in *Koudelka*: "Generally, municipal employees are not entitled to compensation for overtime work in the absence of a valid contract or law authorizing it. Allowance of compensatory time off for extra hours worked does not necessarily authorize the payment of money in lieu thereof." 413 N.E.2d at 1382, citing 4 McQuillan, *Municipal Corporations,* § 12.194a (3d ed. 1979).

■ Appellant presented two affidavits in support of its motion for summary judgment. The affidavits of Judy Huffaker, appellant's budget coordinator, and Scott Linebaugh, assistant city manager, stated that under the appellant's personnel policies appellee was not entitled to "overtime" pay, which they contend appellee was claiming. The affidavit filed by appellee stated that she understood from before and during her employment with appellant that she would be entitled to compensatory time for hours worked in excess of forty hours per week, and that she would be able to take that time off from work with pay while employed or would be paid the value of that time in the event of termination. It also stated that other city employees had been paid for accrued compensatory time upon termination of city employment. We think the appellee's affidavit was sufficient to raise an issue of fact as to whether the parties agreed that she would be paid for "comp time" on termination and that, in any event, the trial judge did not abuse his discretion in denying the motion.

■ Appellant also claims it was error for the trial judge to deny its motion for a new trial, because the evidence was not sufficient. "When a trial judge denies a motion for a new trial, the only issue on appeal is whether the verdict is supported by substantial evidence." *Millsaps* v. *Rhinehart*, 276 Ark. 147, 634 S.W.2d 98 (1982). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Surridge* v. *State*, 279 Ark. 183, 650 S.W.2d 561 (1983). Bibb testified that the primary basis for her understanding that she was entitled to payment for unused comp time was the city personnel policy handbook which she received at the time of her employment. She testified that the handbook stated that employees would be compensated for accumulated unused comp time. Various employees' handbooks issued during the time Bibb worked for the city were introduced into evidence, together with other records relating to the city's compensatory time policy. She also testified that her understanding was based in part on conversations with her immediate superior and direction she had received to keep detailed records relating to compensatory time. There was evidence that other employees similarly situated to Bibb were paid for unused comp time at termination. Donald Grimes, the city manager at the time of Ms. Bibb's

termination, testified that an employee who has accumulated a large number of comp time hours should be paid for those hours on termination. David Mackey, the purchasing, budget, and personnel officer from 1970 to 1978, testified that he had some responsibility for developing the policy on comp time and that it was his understanding that an employee who was terminated would be paid for unused comp time. This evidence was sufficient to raise a question of fact for the jury as to whether there was an agreement to pay for unused compensatory time on termination and constitutes substantial evidence to support the jury's verdict.

Just minutes before the trial began, appellant moved to amend its answer to allege a three year statute of limitations as an affirmative defense. The trial court denied the motion. During instruction conference, after the close of all the proof, the court on its own motion reversed its earlier decision and permitted the amendment, reasoning that no prejudice could result to the appellee because the city "doesn't have a good statute of limitations defense on the merits." The court then refused the city's proffered instruction, which would have limited recovery to "comp time hours" earned during the three years immediately preceding the date the complaint was filed.

■ Appellant contends that it was error to refuse the instruction. We do not agree. Assuming that it was appropriate for the court to permit the amendment in these circumstances, Ark. Code Ann. § 16-56-105 (1987) requires that suit be brought within three years "after the cause of action accrues." *See Smith* v. *Milam*, 195 Ark. 157, 110 S.W.2d 1062 (1937). Here, the appellee's cause of action did not accrue until her termination. Even if appellant were correct that appellee was limited to recovery only for compensatory time earned during the three years prior to termination, the proffered instruction tied recovery to the date of filing suit and was therefore an incorrect statement of law. The court was correct in refusing the instruction.

On cross-appeal, appellee contends that the trial court erred in refusing to consider an award of attorney's fees under Ark. Code Ann. § 16-22-308 (Supp. 1987). That code section, originally enacted as Act 519 of 1987 provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotia-

ble instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.[1]

■ The trial court declined to consider an award of attorney's fees for two reasons: (1) that the language of the statute did not apply to the case at bar, and (2) that the act had not gone into effect when the action was commenced. On the first point, we think that the present action can be fairly said to fall under the category of a "civil action to recover on" a "contract" "for labor or services." The correct resolution of the second point turns on whether the statute in question is characterized as "substantive" or "procedural." *See generally Owen* v. *State*, 263 Ark. 493, 565 S.W.2d 607 (1978); *Fowler* v. *McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987). In *Fowler*, we quoted with approval the following language from *Dargel* v. *Henderson*, 200 F.2d 564 (Emer. Ct. App. 1952):

> We think that this conclusion is in accord with the settled rule that changes in procedural or remedial law are generally to be regarded as immediately applicable to existing causes of action and not merely to those which may accrue in the future unless a contrary intent is expressed in the statute.

In *Harrison* v. *Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962), the court said:

> The rule by which statutes are construed to operate prospectively does not ordinarily apply to procedural or remedial legislation. "The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should receive a more

---

[1] Act 800 of 1989 amended this section by adding the words "or breach of contract" immediately following the language "or for labor or services." The amendment is not material to the question presented here.

liberal construction, and should be given a retrospective effect whenever such seems to have been the intention of the Legislature." *State ex rel. Moose* v. *Kansas City & M.RY. & B. Co.*, 117 Ark. 606, 174 S.W. 248 [(1914)].

■ Traditionally a statute would be characterized as "substantive" if it was found to have effected "vested rights." *See, e.g., Foster* v. *Graves*, 168 Ark. 1033, 275 S.W. 653 (1925). In *Forrest City Machine Works, Inc.* v. *Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981), the supreme court used a "vested rights" analysis while noting that that doctrine "is not the only determinative factor and is not always followed in deciding whether to apply a law retroactively." *Aderhold*, 273 Ark. at 41. This court has also analyzed the problem in terms of vested rights. *See, e.g., Arkansas State Police* v. *Welch*, 28 Ark. App. 234, 772 S.W.2d 620 (1989); *Driscoll* v. *Oklahoma Gas & Elec. Co.*, 28 Ark. App. 352, 775 S.W.2d 84 (1989). The best argument to be made against the retrospective application of the attorney's fee statute here is that the attorney's fees statutes "deals not with the procedure for enforcing a remedy . . . but rather with the substance of the remedy itself," i.e., it provides for the award of an attorney's fee where none could be awarded before. *See Welch, supra*, 28 Ark. App. at 237. We reject the argument.

Arkansas Code Annotated § 16-22-308 provides for attorney's fees which may be assessed by the court to be "collected as costs." In *Aluminum Co. of America* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982), we held that a change in the attorney's fees provisions of the workers' compensation act should be given retrospective application. In *Stith* v. *Pinkert*, 217 Ark. 871, 234 S.W.2d 45 (1950) the court said:

> Practice and procedure include the mode of proceeding in the formal steps by which a legal right is enforced. Those words comprehend writs, summonses, and other methods of notice to parties as well as pleadings, rules of evidence *and costs*.

(Emphasis added.)

Courts of other states which have considered the specific issue raised here have held that statutes providing for attorney's fees to be taxed as costs are to be given retrospective application.

*Cox* v. *American Fidelity Assurance Co.*, 581 P.2d 1325 (Okla. App. 1977); *People* v. *Wagner*, 91 Ill. App. 3rd 254, 414 N.E.2d 773 (1980), *rev'd on other grounds* 89 Ill. 2d 308, 433 N.E.2d 267 (1982); *Jones* v. *Kelley*, 602 S.W.2d 573 (Tex. Civ. App. 1980), *aff'd as modified* 614 S.W.2d 95 (Tex. 1981). In *Cox* the court said:

> The general rule that statutes will be given prospective operation only does not apply to statutes effecting proce- dure. Taxing of attorney's fees as costs relates to a mode of procedure. (Citations omitted.)

We agree.

 Appellee does not claim an absolute entitlement to attorney's fees, but recognizes that under the Code provision the award of attorney's fees is a matter addressed to the sound discretion of the trial court. We remand the case to the trial court for a determination on this issue.

Affirmed on direct appeal; reversed and remanded on cross- appeal.

CRACRAFT and MAYFIELD, JJ., agree.