CITY of OZARK *v.* James NICHOLS, et al.

CA 96-491                                    937 S.W.2d 686

Court of Appeals of Arkansas
Division II
Opinion delivered February 19, 1997

*Walters, Hamby, & Verkamp,* by: *John P. Verkamp,* for appellant.

*Daily, West, Core, Coffman & Canfield,* by: *Jerry L. Canfield* and *Turner & Mainard,* by: *James C. Mainard,* for appellees.

MARGARET MEADS, Judge. The City of Ozark, Arkansas, filed a condemnation complaint against appellees on June 14, 1993, for the purpose of constructing and maintaining a water-storage tank, water line, and roadway on land owned by appellees. Ozark posted a seventy-five hundred dollar ($7,500.00) bond with the circuit clerk's office, and the circuit court entered an order of possession in favor of Ozark on June 14, 1993. Ozark filed a second amended complaint on November 30, 1994, to add newly discovered defendants. Answers were filed seeking a jury trial for the purpose of determining just compensation for the condemned property. A jury trial on the issue of compensation was held on January 11, 1996, and the jury awarded appellees $28,500 for their property.

The appellees requested attorney's fees during the trial and after the return of the jury's verdict. Plaintiff objected to an award of attorney's fees on the basis that they were not authorized by law at the time the condemnation case was instituted or at the time the order of possession was entered. The judgment provided that "the said City of Ozark shall pay, in addition to the sum aforesaid, the sum of $8,634.05 to defendants' attorney in accordance with Ark. Code Ann. § 18-15-605." It is from this award of attorney's fees that the City of Ozark appeals. We find no error and affirm.

It is established that attorney's fees are not allowed except when expressly provided for by statute. *Damron v. Univer-*

*sity Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988) (citing *Harper v. Wheatley Implement Co.*, 278 Ark. 27, 643 S.W.2d 537 (1982)). In the case at bar, the statute governing damages for an eminent domain proceeding by a water company was amended to mandate attorney's fees in certain situations, after entry of the order of possession but before trial and entry of the judgment.

Arkansas Code Annotated § 18-15-605 (1987), the statutory provision in effect when suit was instituted, provided:

> 18-15-605. *Damages — Deposits.*
> The further proceedings in the matter of assessment of damages and the making of deposits to secure the owner shall be the same as is now prescribed by law in reference to condemnation proceedings by railroad, telegraph, and telephone corporations.

This statute, as revised by Act 1207 of 1995 and made effective April 11, 1995, now provides:

> 18-15-605. *Damages — Deposits.*
> (a) The further proceedings in the matter of assessment of damages and the making of deposits to secure the owner shall be the same as is now prescribed by law in reference to condemnation proceedings by railroad, telegraph, and telephone corporations, except that the measure of damages shall be the fair market value of the condemned property at the time of the filing of the petition by the corporation or water association as may be determined by a jury based on the opinion of a licensed appraiser.
> (b) In the case of application for orders of immediate possession by the corporation or water association, if the amount awarded by the jury exceeds the amount deposited by the corporation or water association in an amount which is more than twenty percent (20%) of the sum deposited, the landowner shall be entitled to recover the reasonable attorney's fees and costs.

Ark. Code Ann. § 18-15-605 (Supp. 1995).

There is no question that the jury's award of $28,500 as compensation for the land exceeded the $7,500 deposit by more than twenty percent. Therefore, if the statute has retroactive application, appellees are clearly entitled to recover reasonable attorney's fees.

■ Appellant cites *Arkansas Rural Med. Prac. Student Loan Bd. v. Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987), in support of its contention that there should be no retroactive application of the statute. However, *Luter* is distinguishable from the present case, because the statutory changes involved in that case impeded upon a substantive, or "vested," right for which the student loan board contracted in promissory notes for loans made to Dr. Luter. The supreme court, in reversing the trial court's decision to deny the student loan board relief, held, "The general rule can be stated categorically — laws affecting substantive rights operate prospectively." *Luter*, 292 Ark. at 261, 729 S.W.2d at 403 (1987). There are no substantive rights at issue in the case at bar.

■ Both parties cite *City of Fayetteville v. Bibb*, 30 Ark. App. 31, 781 S.W.2d 493 (1989), for their positions. The applicable statute in that case, Ark. Code Ann. § 16-22-308 (1987), allowed reasonable attorney's fees to be assessed by the court and collected as costs. The trial judge in *Bibb* declined to award attorney's fees on the basis that the act was not in effect when the action was commenced. The court of appeals, upon review, held that the correct resolution regarding whether or not a statute could be retroactively applied turned on whether the statute in question was characterized as "substantive" or "procedural." *Bibb*, *supra*. In *Bibb*, the court cited *Harrison v. Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962):

> The rule by which statutes are construed to operate prospectively does not ordinarily apply to procedural or remedial legislation. The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should receive a more liberal construction, and should be given a retrospective effect whenever such seems to have been the intention of the Legislature. (Citations omitted.)

30 Ark. App. at 37-38, 781 S.W.2d at 496 (1989).

Appellant cites *Bibb* for the proposition that the best argument which could be made against the retroactive application of the attorney's fees statute is that the statute "deals not with the procedure for enforcing a remedy but rather with the substance of

the remedy itself, i.e. it provides for the award of an attorney's fee where none could be awarded before." *Bibb*, 30 Ark. App. at 38, 781 S.W.2d at 496. However, in the next sentence, this court explicitly rejected that argument and determined that a statute which taxed attorney's fees as costs was procedural in nature and that as such it should be given retrospective application. *Bibb*, *supra*. This rationale from *Bibb* was adopted by the Arkansas Supreme Court in *Barnett v. Ark. Trans. Co., Inc.*, 303 Ark. 491, 798 S.W.2d 79 (1990).

Based upon these precedents, the question is whether the statute (1) is either procedural or remedial in nature or (2) creates a new obligation. In *USAA Life Ins. Co. v. Boyce*, 294 Ark. 575, 745 S.W.2d 136 (1988), the supreme court determined that the allowance of attorney's fees is a procedural matter governed by the laws of the State of Arkansas. In *Fowler v. McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987), this court quoted with approval the following language from *Dargel v. Henderson*, 200 F.2d 564 (Emer. Ct. App. 1952):

> We think that this conclusion is in accord with the settled rule that changes in procedural or remedial law are generally to be regarded as immediately applicable to existing causes of action and not merely to those which may accrue in the future unless a contrary intent is expressed in the statute.

22 Ark. App. 196, 200, 737 S.W.2d 663, 665 (1987).

We find that the amendment to Ark. Code Ann. § 18-15-605 was procedural in nature and was instantly applicable to existing causes of action. We affirm the decision of the trial judge in awarding attorney's fees to appellees.

Affirmed.

COOPER and STROUD, JJ., agree.