The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450-4378
Dear Senator Todd:
This official Attorney General's opinion is rendered in response to two questions you have raised concerning the clerical fee for handling child support payments. You note that Act 1296 of 1997 increased the fee from $24.00 per year to $36.00 per year.
You have presented the following questions:
 (1) Does Act 1296 of 1997 increase the clerical payments from $24.00 to $36.00 for orders in existence prior to January 1, 1998?
 (2) If an individual has already paid the increased amount and later learns that the Act did not increase his or her clerical fee obligation, is the individual entitled to a refund of the amount of overpayment?
RESPONSE
Question 1 — Does Act 1296 of 1997 increase the clerical payments from$24.00 to $36.00 for orders in existence prior to January 1, 1998?
I must note initially that the issue you have raised is one that can only be definitively answered either through legislative or judicial clarification. The matter has not been addressed by a court, nor has the legislature had opportunity to address it. Pending such clarification, it is my opinion that Act 1296 does increase the clerical payments from $24.00 to $36.00 for orders in existence prior to January 1, 1998.
The pertinent part of Act 1296 of 1997 amends A.C.A. § 9-10-109(b)(1) to read as follows:
 (b)(1) Beginning January 1, 1998, and continuing thereafter, all orders directing payments through the registry of the court or through the Arkansas Child Support Clearinghouse shall set forth a fee to be paid by the noncustodial parent or obligated spouse in the amount of thirty-six dollars ($36.00) per year. The fee shall be collected from the noncustodial parent or obligated spouse at the time of the first support payment and during the anniversary month of the entry of the order each year thereafter, or twelve dollars ($12.00) per quarter at the option of the obligated parent, until no children remain minor and the support obligation is extinguished and any arrears are completely satisfied. Until January 1, 1998, all orders directing payments through the registry of the court or through the Arkansas Child Support Clearinghouse shall set forth a fee to be paid by the noncustodial parent or obligated spouse in the amount of twenty-four dollars ($24.00) per year.
A.C.A. § 9-10-109(b)(1), as amended by Acts 1997, No. 1296, § 6.
Your question raises the issue of whether the above-quoted provision should operate retroactively to amend orders that were entered prior to January 1, 1998. It is my opinion that it should do so.
Although there is a presumption in Arkansas law against the retroactivity of statutes in the absence of an expressed legislative intent to the contrary, see, e.g., Ark. Dept. of Human Services v. Walters,315 Ark. 204, 866 S.W.2d 823 (1993), this presumption does not apply to procedural laws. Estate of Wood v. Ark. Dept. of Human Services,319 Ark. 697, 894 S.W.2d 573
(1995). The general rule is that procedural laws may operate retroactively, but that substantive ones may not. City of Ozark v.Nichols, 56 Ark. App. 85, 937 S.W.2d 686 (1997); City of Fayetteville v.Bibb, 30 Ark. App. 31, 781 S.W.2d 493 (1989); Forrest City Mach. Worksv. Aderhold, 273 Ark. 33, 616 S.W.2d 720 (1981). Statutory provisions are considered to be procedural in nature if they operate only to supply a new or more appropriate remedy to enforce an existing right or obligation; they are considered to be substantive if they operate to disturb vested rights or create new obligations. Harrison v. Matthews,235 Ark. 915, 362 S.W.2d 704 (1962).
The above-quoted language from Act 1296 of 1997, with its repeated references to "all orders," appears to indicate a legislative intent that the Act operate retroactively to include "all orders." Moreover, the quoted language of the Act does nothing more, in my opinion, than operate to supply a more appropriate remedy to enforce an existing obligation. For this reason, I find the provision to be procedural in nature, and therefore applicable retroactively to orders in existence before January 1, 1998. This conclusion is supported by the unlikelihood that the legislature intended that different fees be in effect for different parties, or that the courts and the clearinghouse be burdened with the administrative difficulty of administering differing fees.
For these reasons, I conclude that Act 1296 of 1997 does increase the clerical payments from $24.00 to $36.00 for orders in existence prior to January 1, 1998. I reiterate, however, that this issue can only be resolved conclusively through judicial or legislative clarification.
Question 2 — If an individual has already paid the increased amount andlater learns that the Act did not increase his or her clerical feeobligation, is the individual entitled to a refund of the amount ofoverpayment?
It is my opinion that if an individual has already paid the increased amount and a court subsequently determines that the Act was not intended to have the effect of increasing the clerical fee obligation, the individual is entitled to seek a refund in the amount of overpayment.
Although the Arkansas law concerning refunds is somewhat unclear and contains some conflicting results,[1] the Arkansas courts have on numerous occasions ordered the refund of fees or fines that were found to have been illegally collected. See, e.g., Arkansas County v. Burris,308 Ark. 490, 825 S.W.2d 590 (1992); Hartwick v. Thorne, 300 Ark. 502,780 S.W.2d 531 (1989).
Indeed, the provisions of A.C.A. § 26-35-902 appear to be based upon the presumption that courts have the discretion to order a refund of monies illegally exacted in cases brought under Article 16, § 13 of the Arkansas Constitution (which prohibits illegal exactions). That statute states:
 (a) It is the public policy of this state that circuit and chancery courts may, in meritorious litigation brought under Arkansas Constitution, Article 16, § 13, in which the court orders any county, city, or town to refund or return to taxpayers moneys illegally exacted by the county, city, or town, apportion a reasonable part of the recovery of the class members to attorneys of record and order the return or refund of the balance to the members of the class represented.
A.C.A. § 26-35-902.
On the basis of these authorities (and barring judicial decision to the contrary), I conclude that if an individual has already paid the increased amount and a court subsequently determines that the Act was not intended to have the effect of increasing the clerical fee obligation, the individual is entitled to seek a refund in the amount of overpayment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] For a discussion of the conflicting results in Arkansas law on this issue, see Op. Att'y Gen. No. 97-111.