CITY of FORT SMITH *v.* J.D. CARTER, Mary Lois Carter, Lee Hackler and Patricia Hackler, Mortgagees

05-198 216 S.W.3d 594

Supreme Court of Arkansas
Opinion delivered November 10, 2005
[Rehearing denied December 15, 2005.*]

---

* BROWN, J., would grant rehearing.

*Daily & Woods, P.L.L.C.*, by: *Robert R. Briggs*, for appellant.

*Gant & Barlow LLP*, by: *R. Derek Barlow*, for appellees.

JIM HANNAH, Chief Justice. Appellant, the City of Fort Smith, brings this appeal from the Crawford County Circuit Court's award of attorney's fees in an eminent domain action. The City argues that the circuit court misinterpreted and misapplied Rule 11 of the Arkansas Rules of Civil Procedure in awarding attorney's fees. Appellees and cross-appellants, J.D. Carter, Mary Lois Carter, Lee Hackler, and Patricia Hackler appeal the circuit court's finding that Ark. Code Ann. § 18-15-605(b) (Repl. 2003) does not entitle them to an award of attorney's fees because the statute does not apply to municipal corporations. We reverse on direct appeal and reverse and remand on cross-appeal. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1).

## Facts

The Lake Fort Smith Expansion Project consists of Lake Shepherd Springs Dam and the construction of a larger dam on the current Lake Fort Smith to allow water to pool over both areas to create a large reservoir that will provide public water for communities in Sebastian and Crawford Counties. The City, a municipal corporation, filed an Application for Condemnation, seeking to acquire by eminent domain real property owned by the Carters.[1]

In conjunction with its application, the City deposited the sum of $14,000 with the clerk of the circuit court as the estimated just compensation for the taking of the subject property. The circuit court subsequently entered an Order of Possession in favor of the City.

---

[1] The Hacklers sold the subject twenty-acre tract of real property to the Carters for the sum of $60,000 on April 12, 2001. On that same date, the Hacklers took back a mortgage from the Carters to secure the remaining balance due to them of $49,425.

The parties appeared for trial on the morning of May 10, 2004, for the determination of the amount of just compensation due the Carters. Prior to commencement of trial, the parties began settlement negotiations while in the chambers of the circuit court. After an agreement was reached, counsel for each of the parties announced the terms of the agreement in open court. Counsel for the City informed the circuit court that the settlement agreement was contingent upon the approval of the City's Board of Directors.

The Board subsequently voted to reject the terms of the settlement. The Hacklers then filed a Motion to Enforce Settlement Agreement, which the circuit court denied.

On June 22, 2004, a jury trial commenced on the issue of just compensation for the property. The jury affixed the amount due the Carters at $30,000. Following the trial, both the Carters and the Hacklers filed motions for an award of attorney's fees, pursuant to Ark. Code Ann. § 18-15-605(b). The circuit court denied the requests for attorney's fees pursuant to the statute; however, the circuit court awarded partial attorney's fees to the Carters and the Hacklers pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, based upon the increased cost and delay that resulted from the Board's rejection of the settlement.

The City filed an appeal of the circuit court's order awarding attorney's fees pursuant to Rule 11. The Carters and the Hacklers filed a cross-appeal of the circuit court's denial of attorney's fees pursuant to Ark. Code Ann. § 18-15-605(b).

### Appeal

The City argues that the circuit court erred in awarding attorney's fees pursuant to Rule 11 of the Arkansas Rules of Civil Procedure. In its order awarding attorney's fees, the circuit court made the following findings:

4. That counsel for the City of Fort Smith represented to the Carters and Hacklers and to the Court that they had authority to enter into the settlement agreement on the morning of the May 10, 2004, jury trial. The Court does not recall any prior case where a municipal corporation did not honor a settlement agreement made by its own attorneys.

5. That the Court finds that the City of Fort Smith's rejection of the terms of a settlement agreement negotiated and entered into

by its own attorneys unnecessarily caused a delay and increased expenses for both the Carters and Hacklers. That because the attorneys for the City of Fort Smith represented to the Court that they had authority to enter into the settlement agreement, when in fact they did not, the Court finds that Rule 11 of the Arkansas Rules of Civil Procedure was violated and hereby sanctions the Plaintiff, the City of Fort Smith, Arkansas, as follows: the City of Fort Smith, Arkansas, shall pay a partial attorney's fee of Four Thousand Five Hundred and no/100 Dollars ($4,500.00) to the separate Defendant Carters and a partial fee of Two Thousand Five Hundred and no/100 Dollars ($2,500.00) to the separate Defendant Hacklers.

The City argues that sanctions imposed pursuant to Rule 11 are limited to those instances where a signed pleading, motion, or other paper has been presented to the court for an improper purpose, and that in this case, there was no finding that any of the pleadings filed by the City caused a delay in the litigation or increased costs to either party. Appellees conceded at oral argument that the sanctioned conduct was not based upon the filing of any pleading for an improper purpose. However, they argue that pursuant to Rule 11, the circuit court has the authority to assess penalties for oral representations made by counsel that cause delay or increase costs to the parties.

█ This court has not addressed the issue of whether Rule 11 sanctions may be imposed when the sanctioned conduct does not involve a pleading, motion, or other paper. We construe court rules using the same means and canons of construction used to interpret statutes. *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule in considering the meaning and effect of the statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous , there is no need to resort to rules of statutory construction. *Id.* In other words, if the language of the statute is plain and unambiguous, the analysis need go no further. *Id.*

Rule 11 provides in pertinent part:

Signing of pleadings, motions, and other papers; sanctions.

(a) ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that

to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. *If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.*

(Emphasis added.)

■ ■ Rule 11(a) is "substantially identical" to Federal Rule 11, as amended in 1983. *See* Ark. R. Civ. P. 11, Addition to Reporter's Notes, 1986 Amendment. Based upon the similarities of our rules with the Federal Rules of Civil Procedure, we consider the interpretation of these rules by federal courts to be of a significant precedential value. *Smith v. Washington*, 340 Ark. 460, 10 S.W.3d 877 (2000). Federal courts have held that Rule 11, as amended in 1983,[2] does not apply to oral representations or testimony made before the court. *See, e.g., Business Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 892 F.2d 802 (9th Cir. 1989); *Schering Corp. v. Vitarine Pharm., Inc.*, 889 F.2d 490 (3rd Cir. 1989).

■ The plain language of Rule 11 provides that conduct is sanctionable when an attorney signs a pleading, motion, or other

---

[2] In 1993, the federal rule was amended to permit sanctions based upon the "presenting" of a paper — rather than limiting sanctions to those papers that bear an attorney's signature — and defining "presenting" broadly as "signing, filing, submitting, or later advocating." The Advisory Committee explained that the rule applies only to assertions contained in papers filed with or submitted to the court. Thus, to be sanctionable under the rule as amended in 1993, an oral representation must meet two requirements: "(1) it must violate the certification requirement of Rule 11(b), *e.g.*, by advocating baseless allegations, and (2) it must relate directly to a matter addressed in the underlying paper and be in furtherance of that matter to constitute advocating within the meaning of subsection (b)." *O'Brien v. Alexander*, 101 F.3d 1479, 1490 (2d Cir. 1996). The Arkansas rule has not been amended to reflect the 1993 federal amendment and continues to apply to signed pleadings, motions, and other papers.

paper for an improper purpose. Here, the record reveals that the circuit court did not impose sanctions based upon the filing of a pleading for an improper purpose. Rather, the circuit court imposed sanctions based upon a finding that counsel for the City orally represented in court "that they had authority to enter into the settlement agreement, when in fact they did not. . . ." We hold that oral representations cannot be the basis for Rule 11 sanctions. Therefore, we reverse the circuit court's award of attorney's fees pursuant to Rule 11.

## Cross-Appeal

Appellees argue that the circuit court improperly denied their motion for award of attorney's fees pursuant to Ark. Code Ann. § 18-15-605(b). This court's review of the circuit court's denial of the appellees' motion for attorney's fees involves a matter of statutory interpretation. We review issues of statutory construction de novo because it is for this court to decide what a statute means. *City of Maumelle v. Jeffrey Sand Co.*, 353 Ark. 686, 120 S.W.3d 55 (2003). When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997). When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

Section 18-15-605(b) provides:

> In the case of application for orders of immediate possession by the *corporation* or water association, if the amount awarded by the jury

exceeds the amount deposited by the corporation or water association in an amount which is more than twenty percent (20%) of the sum deposited, the landowner shall be entitled to recover the reasonable attorney's fees and costs.

(Emphasis added.)

Appellees contend that they are entitled to attorney's fees because the term "corporation" in § 18-15-605(b) refers to all corporations, including municipal corporations. They also point out that throughout Subchapter 6, multiple references are made to "a corporation" and "the corporation," and such references are clearly a collective generic term applying to municipal corporations or any other corporation, including not-for-profit corporations and water associations that supply water. *See, e.g.,* Ark. Code Ann. §§ 18-15-601(a) and (b) (Repl. 2003).

■■ The City contends that it proceeded under subchapter 4, making § 18-15-605(b) inapplicable. Although the City argues that subchapter 6 does not apply, we note that subchapter 4, specifically § 18-15-401(c) (Repl. 2003), states that subchapter 4 is cumulative[3] to any other laws granting municipal corporations rights of eminent domain. The dissent insists that "the only commonsensical reading of 'cumulative' is that the 1957 act (subchapter 4), which set up the new procedure, would be an alternative procedure to the 1895 act (subchapter six)." We disagree. Another interpretation of § 18-15-401(c) is that the requirements of subchapter 4 include and are subject to the requirements of subchapter 6. Eminent-domain statutes are construed in favor of the landowner. *Pfeifer v. City of Little Rock,* 346 Ark. 449, 57 S.W.3d 714 (2001). Because there is more than one interpretation of the term "cumulative," the statute should be construed in favor of the landowner in order to determine which interpretation should be used. Here, we construe the term "cu-

---

[3] *Black's Law Dictionary* does not define "cumulative" as a single term, instead defining it in conjunction with other terms. For example, "cumulative remedy" is defined as "a remedy available to a party in addition to another remedy that still remains in force." *Black's Law Dictionary* 1320 (8th ed. 2004). "Cumulative" is defined in *Webster's Third New International Dictionary* as "increasing in size or strength by successive additions without corresponding loss." *Id.* at 553 (2002). "Cumulate," as defined by *The American Heritage Dictionary of the English Language* means "to combine into one unit, merge." *Id.* at 443 (4th ed. 2000). Suffice it to say that the term "cumulative" is subject to more than one reasonable interpretation.

mulative" as it is used in § 18-15-401(c) to mean that subchapter 4 is subject to the requirements of subchapter 6, including the grant of attorney's fees pursuant to § 18-15-605(b).

■ Still, the City argues that even if subchapter 6 is applicable, the plain language of § 18-15-605(b) indicates that the attorney's fees and costs provision applies only to corporations and water associations, and that the provision does not apply to municipal corporations. In light of the varying uses of the word "corporation" in subchapter 6, we cannot agree with the City's contention that it is clear from the plain language of the statute that the General Assembly did not intend for the attorney's fees and costs provision to apply to municipal corporations. The statute is ambiguous; therefore, we must look to legislative intent.

The right of municipalities to exercise the right of eminent domain in operation of waterworks and associated operations is granted in subchapters 3, 4, and 6 of title 18, chapter 15 of the Arkansas Code. The redundancy of three separate grants of what appears to be the same power in and of itself gives rise to uncertainty and confusion. In viewing the legislative history of subchapter 6, we note that the term "municipal corporations" has appeared in the opening paragraph of the first section of this statute since it was enacted in 1895. *See* Acts 1895, No. 126, § 1. Subchapter 3, which also grants a right of eminent domain, was enacted in 1875. *See* Acts 1875, No.1, § 74. Subchapter 4, which, again, grants a right of eminent domain, was enacted in 1957. *See* Acts 1957, No. 269, § 2.

It is not possible by reading the statutes or by looking to the acts to determine whether § 18-15-605(b), as amended by Act 1207 in 1995, was to be limited to non-municipal corporations. It appears that this patchwork of statutes on eminent domain and waterworks resulted from various enactments and amendments made in response to differing needs that arose over the years and to various federal programs.

■ We note once again that eminent-domain statutes are construed in favor of the landowner. *See, e.g., Pfeifer, supra.* In light of this and the uncertainty in the statutes, we hold that the circuit court erred in finding that § 18-15-605(b) was not applicable. The General Assembly may wish to address and clarify the statutes on

eminent domain as exercised by municipalities and others with respect to water projects.[4]

 We hereby reverse and remand this case to the circuit court to determine the amount of attorney's fees due the Carters pursuant to § 18-15-605(b). At this time, we are unable to determine whether attorney's fees should be awarded to the Hacklers pursuant to § 18-15-605(b) because the circuit court made no finding as to whether the Hacklers, as holders of a mortgage on the property, are landowners for the purposes of the statute. On remand, the circuit court shall determine whether the Hacklers are entitled to attorney's fees pursuant to the statute.

Reversed on direct appeal; reversed and remanded on cross-appeal.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I agree that Rule 11 sanctions are not appropriate in this case. I must, how-

---

[4] Appellees cite this court to *City of Ozark v. Nichols*, 56 Ark. App. 85, 937 S.W.2d 686 (1997), where the court of appeals affirmed the trial court's award of attorney's fees in accordance with § 18-15-605(b). In that case, the City of Ozark sought to condemn certain real property located in Franklin County for purposes related to its role as a regional water supplier. After a jury trial on the issue of compensation, appellees were awarded $28,500 for the property. Appellees then requested, and were awarded, attorney's fees pursuant to § 18-15-605(b). The City appealed, arguing that § 18-15-605(b) was not in effect at the time the order of possession was entered. The court of appeals held that the amended statute, which made provisions for attorney's fees in certain situations, was procedural in nature, and therefore applied retroactively.

Appellees state that *Nichols* makes clear that the statute governs damages for *all* water companies, including municipal corporations, because the court of appeals did not limit the statute to any particular type of water company. The City argues that *Nichols* does not answer the question of whether the statute applies to municipal corporations; rather, the court was asked only to determine whether the statute could be applied retroactively. The issue that is before this court now — whether § 18-15-605(b) applies to municipal corporations — was not before the court of appeals in *Nichols*; therefore, we cannot say that *Nichols* is on point. On the other hand, the General Assembly is presumed to be familiar with the appellate courts' interpretation of a statute, and if it disagrees, it can amend the statute. *See, e.g., Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005). Without such amendments, however, the appellate courts' interpretation of the statute remains the law. *See, e.g., Fordyce Concrete v. Garth*, 84 Ark. App. 256, 139 S.W.3d 154 (2003). In *Nichols*, the court of appeals' interpretation of the statute affirmed the award of attorney's fees, pursuant to § 18-15-605(b), and those attorney's fees were assessed against a municipal corporation, the City of Ozark.

ever, dissent from the majority's tortured reasoning. What the majority has done is apply a 1995 attorney's fee statute which amended an 1895 act (subchapter six) to a separate 1957 act, which set up a new procedure (subchapter four). The effect of this decision will be to saddle all municipalities with attorney's fees even when the cities proceed under procedures in different subchapters where attorney's fees are not contemplated. That is not right and defies legislative intent. Plus, it is unfair to those municipalities which were not put on notice that the subchapter six's attorney's fees statute would apply to a subchapter four procedure. For these reasons, I respectfully dissent.

The majority's reason for applying subchapter six attorney's fees to a subchapter four procedure is based on one word, "cumulative," which is found in the 1957 act. Part of that act reads, "(c) This subchapter shall be *cumulative* to any laws of eminent domain in favor of municipalities operating municipal waterworks systems." Ark. Code Ann. § 18-15-401(c) (Repl. 2003) (emphasis added).

It should be emphasized, as an initial matter, that the appellees do not develop the ambiguity-and-cumulative argument relied on by the majority to reverse this case. Indeed, it is the City of Fort Smith that relies on § 18-15-401(c) and the cumulative language to support its decision to proceed under the alternative eminent domain procedure set out in subchapter four. This court has said we do not reverse on an argument not developed. *See, e.g., Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n*, 342 Ark. 591, 29 S.W.3d 730 (2000). We should not do so in this case.

That being said, the only commonsensical reading of "cumulative" is that the 1957 act (subchapter four), which set up the new procedure, would be an alternative procedure to the 1895 act (subchapter six). It makes no sense to read "cumulative" as combining the alternative procedures in subchapter four and subchapter six into one unit. Why? Because the General Assembly did not amend the 1895 act in 1957 to combine the two procedures but, rather, created an alternative eminent domain procedure with subchapter four. We do not give an absurd interpretation to legislative enactments. *See Waste Mgmt. & Transp. Ins. Co. v. Estridge*, 363 Ark. 42, 210 S.W.3d 869 (2005). But that is precisely what the majority has done by stating that "subchapter 4 is subject to the requirements of subchapter 6" in construing "cumulative."

What confirms my point is that every foreign jurisdiction that has construed "cumulative" in a comparable context has interpreted it to mean a new or additional remedy, not a combination of the two remedies. *See, e.g., Kennedy v. Henderson*, 794 P.2d 754 (Okla. 1990) (the term "cumulative" denotes additional remedial provisions); *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 489 N.E.2d 1374 (1986) (the sole purpose of a cumulative provision is to preserve other legal remedies so that a plaintiff may choose between them); *Bonn v. California State University*, 88 Cal. App. 3d 985, 152 Cal. Rptr. 267 (1979) ("cumulative," as defined by legal lexicographers means "additional;" that which is super-added to another thing of the same character and not substituted for it); *Rodriguez v. Cascade Laundry Co.*, 185 Kan. 766, 347 P.2d 455 (1959) (the word "cumulative" is to be construed as evidencing an intent on the part of the legislature to give any party to an action an absolute right he had not previously possessed under existing statutes); *State Ex Rel. Whitmore v. Barboglio*, 63 Utah 432, 226 P. 904 (1924) (a cumulative remedy by statute is an additional one, and the party may elect between the two).

Arkansas has followed suit and has interpreted "cumulative" to mean that an alternative procedure has been enacted. *See BWH, Inc. v. Metropolitan Nat'l Bank*, 267 Ark. 182, 590 S.W.2d 247 (1979) (the word "cumulative," as used, is indicative of an addition to existing provisions); *City of Helena v. Arkansas Utilities Co.*, 208 Ark. 442, 186 S.W.2d 783 (1945) (cumulative acts may provide alternative procedures).

In short, there is no jurisprudence that supports the majority's construction of "cumulative" to mean a combination of the 1957 act with the 1895 act so that an amendment to subchapter six could also amend subchapter four. That is not how legislation works. If the General Assembly had intended that, it could have easily amended subchapter four. It did not do so. Moreover, the award of attorney's fees by statute must be express. *See, e.g., Damron v. University Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988). This is especially so when attorney's fees had never before been allowed against municipalities for waterworks projects.[1] Here, there is no amendment to subchapter four.

---

[1] I recognize that City of Fort Smith also argues that § 18-15-605(b) does not apply to municipalities but only to nonprofit corporations and water associations. The City cites Howard Brill's *Law of Damages* in support of its argument.

The circuit judge obviously knew that an award of attorney's fees in a subchapter four proceeding was wrong under the dubious rationale that the majority presents. That is why he did not award attorney's fees and costs using § 18-15-605(b). Quite simply, he undoubtedly understood that a later amendment for attorney's fees to one statute did not automatically amend a second, discrete statute.

I would affirm the trial court on this point and for that reason, I respectfully dissent.