# BAAN, U.S.A. *v.* USA TRUCK, INC.

CA 02-1137                                          105 S.W.3d 784

Court of Appeals of Arkansas
Division III
Opinion delivered May 21, 2003

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Jeffrey D. Rick-ard, Rebecca D. Hattabaugh,* and *Ronald D. Harrison,* for appellant.

*Smith, Maurras, Cohen, Redd & Horan, PLC,* by: *Matthew Horan* and *Lee M. Kirner,* for appellee.

JOHN F. STROUD, JR., Chief Justice. ■ The sole issue in this case is whether the trial court erred in denying appellant's motion to dismiss the case filed against it by appellee. The basis of the motion to dismiss was a forum-selection clause in the parties' contract requiring them to litigate disputes in California. This is a question of law; therefore, on appellate review of such a case, we simply determine whether appellant was entitled to judgment as a matter of law. *Haase v. Starnes,* 323 Ark. 263, 915 S.W.2d 675 (1996). We hold that the trial judge erred as a matter of law in not dismissing the case based upon the forum-selection clause; therefore, we reverse and dismiss.

In June 2000, appellee, USA Truck, Inc., entered into an agreement ("Agreement") for the purchase of transportation software licensed by appellant, BAAN, U.S.A., Inc. After using appellant's software and customer support service for approximately seven months, appellee, who had not paid appellant any license or support fees, repudiated the Agreement and returned one disk of software to appellant. On July 20, 2001, appellee filed a complaint for declaratory judgment in the Circuit Court of Crawford County, Arkansas, alleging that it was unable to use appellant's software for the purposes intended, and that it had rescinded the Agreement by returning the software to appellant. Appellee also alleged that the statements and inducements made to appellee by appellant to induce it to enter into the Agreement were erroneous and constructively fraudulent, including the choice-of-law and choice-of forum provisions.

Appellant filed a counterclaim for breach of contract[1], as well as a motion to dismiss appellee's complaint, alleging that the Crawford County Circuit Court lacked jurisdiction based upon the forum-selection clause in the Agreement that provided for exclusive jurisdiction to be vested in the courts of California. This motion was denied by the trial court. Appellant renewed its jurisdictional objection prior to trial on May 28, 2002, at the close of appellee's case, and again at the close of all the evidence; all of these motions were denied. The case was submitted to the jury, which found in appellant's favor on its counterclaim and awarded appellant $45,000.[2] After trial, appellant moved for a judgment notwithstanding the verdict on the basis that the jury found the Agreement to be valid and enforceable and therefore the forum-selection clause should be enforced and the case should be dismissed; the trial court denied the motion. Appellant now brings this appeal.

The Agreement contained the following provision:

> 13.9 <u>Applicable Law</u>. This Agreement shall be interpreted and construed in accordance with the laws of the State of California and the United States of America, without regard to conflict of law principles. All disputes arising out of this Agreement shall be subject to the exclusive jurisdiction of any federal or state court or courts sitting in San Jose, California, which courts are empowered to try the dispute, and the parties hereby agree to submit to the personal and exclusive jurisdiction and venue of these courts. The U.N. Convention on Contracts for the International Sale of Goods shall not apply to this agreement.

In *Nelms v. Morgan Portable Bldg. Corp.*, 305 Ark. 284, 289, 808 S.W.2d 314, 316-17 (1991), the supreme court held:

---

[1] In *Arkansas Game & Fish Com'm v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987), the Arkansas Supreme Court held that the assertion of a compulsory counterclaim does not constitute a waiver of objection to venue because of the non-voluntary character of the compulsory counterclaim. Appellant's counterclaim here was a compulsory counterclaim.

[2] We are cognizant of the fact that appellant did prevail on its counterclaim after the trial court denied its motion to dismiss for lack of jurisdiction. A party that prevails on a certain issue at trial cannot later raise the issue on appeal. *See, e.g., Garrigus v. State*, 321 Ark. 222, 901 S.W.2d 12 (1995). However, in this case, the issue appellant raises on appeal, that the trial court erred in not enforcing the forum-selection clause in the parties' contract, was decided adversely to it by the trial court.

> [C]hoice of forum clauses in contracts have generally been held binding, unless it can be shown that the enforcement of the forum selection clause would be unreasonable and unfair. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). The modern trend among Courts is to respect the enforceability of contracts containing clauses limiting judicial jurisdiction, if there is nothing unfair or unreasonable about them. . . .
>
> Traditionally, we have adhered to the view that an individual . . . who subjects himself to the personal jurisdiction of a Court by express agreement shall be bound by that contract, if the agreement can be determined to be fair and reasonable. *SD Leasing, Inc. v. Al Spain & Assoc., Inc.*, 277 Ark. 178, 640 S.W.2d 451 (1982).
>
> . . . .
>
> Any decision whether or not to exercise judicial jurisdiction over a transaction must also address the due process requirements embodied in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under *International Shoe, supra*, and its progeny the well recognized test is whether such "minimum contacts" exist between the parties, the contract and the [forum selected] so that maintenance of a suit in [the forum selected] will not offend "traditional notions of fair play and substantial justice." It has been firmly established that a single contract . . . can provide the basis for the exercise of jurisdiction over a non-resident defendant . . . if there is a substantial connection between the contract and the forum state. *See McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957).

A forum clause should control absent a strong showing that it should be set aside. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)).

In the present case, both appellant and appellee are Delaware corporations, and this Agreement was a commercial transaction. Prior to signing the Agreement, both appellee's treasurer and Dwain Key, appellee's Vice-President of Logistics, reviewed the contract, and appellee negotiated with appellant the provisions of the Agreement regarding the price of the software and when support services were to be provided. There was no objection to the choice of California court jurisdiction prior to the execution of the Agreement, which was signed by Key directly under the forum-selection clause. *See National School Reporting Servs., Inc. v. National Schools of CA., L.P.*, 924 F. Supp. 21 (S.D.N.Y. 1996).

In *SD Leasing, Inc. v. Al Spain & Assoc., Inc., supra*, our supreme court held a forum-selection clause electing Arkansas jurisdiction to be valid. In that case, the appellee, a Florida corporation, defaulted on a lease agreement between it and the appellant, an Arkansas corporation. The negotiations for the lease took place in Florida, appellee signed the lease in Florida and mailed it to the appellant in Arkansas. The appellant accepted the lease, and the appellee mailed payments and memos to appellant in Arkansas. The lease also specifically provided that the lease was to be governed by and construed under Arkansas law. The supreme court stated that while that fact did not in and of itself confer personal jurisdiction on Arkansas courts, it did "provide another contact with this state which goes to satisfy the 'minimum contacts' requirement of *International Shoe, supra.*" *SD Leasing*, 277 Ark. at 181, 640 S.W.2d at 452. The supreme court further held that in addition to the above-mentioned substantial contacts with the State of Arkansas, the appellee had subjected himself to the personal jurisdiction of the Arkansas courts by expressly agreeing that in the event of a default he would consent to and be subject to the jurisdiction of the Arkansas courts.

■ ■ Relevant factors for finding minimum contacts include prior negotiations, contemplated future consequences, and a contract's choice-of-law provisions. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). In the present case, the initial contact regarding the software was made in California at a trade show, where Dwain Key first received literature about the transportation software. Negotiations, including the price of the software and the support to be provided, were entered into prior to the execution of the Agreement, and there was no objection on the part of the appellee to the forum-selection clause. After the Agreement was signed, one of appellant's consultants, Daniel Araujo, who was a resident of California, traveled to Arkansas and consulted with appellee regarding the transportation software. Furthermore, it is clear that appellee believed that appellant's principal place of business was in California, as evidenced by its Complaint for Declaratory Judgment, until such statement was denied by appellant. Nevertheless, appellant has a registered agent for service in California, which was where appellee served process on appellant in its declaratory judgment action. And most importantly, appellee freely and willingly agreed to submit itself to the jurisdiction of the California courts in the

Agreement. Appellee argues that there were no contacts with the State of California. Admittedly, there were more contacts with the State of Georgia, where appellant's principal place of business was located, but that is not determinative of the issue here. The issue in this case is whether there were sufficient contacts and connections with California to permit enforcement of a freely negotiated forum-selection clause. We find that the above-enumerated contacts and connections are sufficient for such enforcement under *Nelms, supra.*

Appellee claims that enforcing the forum-selection clause would oust Arkansas courts of jurisdiction. However, this argument was discussed in *M/S Bremen*, 407 U.S. at 12, and the Supreme Court held that such an argument was

> hardly more than a vestigial legal fiction. It appears to rest at core on historical judicial resistance to any attempt to reduce the power and business of a particular court and has little place in an era when all courts are overloaded and when businesses once essentially local now operate in world markets. It reflects something of a provincial attitude regarding the fairness of other tribunals. . . . The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause.

Appellee also argues that it had rescinded the contract with appellant as a matter of law, and therefore the declaratory action filed by it in the Crawford County Circuit Court did not violate the forum-selection clause because the action did not arise out of the Agreement. In *Douglass v. Nationwide Mutual Insurance Co.*, 323 Ark. 105, 114, 913 S.W.2d 277, 282 (1996) (citations omitted), our supreme court discussed the theory of rescission:

> In Arkansas, rescission of a contract at law is accomplished by the rescinding party's tendering the benefits received to the contracting party, and the courts have nothing to do with the repudiated transaction. But one who desires to rescind a contract on grounds of fraud or deceit must do so as soon as that person discovers the truth. We stated in *Herrick* that the rescinding party must announce his purpose at once and act with reasonable diligence so that the parties may be restored to their original position as nearly as possible.

> Hence, rescission of a contract at law occasioned by fraud may be accomplished without court action but by a prompt restoration of

benefits to the contracting party and by a clear statement that rescission of the agreement is what is intended. The contracting party then had the option of suing for breach of contract.

■ Appellee asserts that it had rescinded the contract as a matter of law and that the declaratory judgment action did not pertain to the Agreement because the Agreement no longer existed. However, appellee had not rescinded the contract as a matter of law and without court action because it did not return all of the benefits it received under the contract as required by *Douglass*; specifically, it did not pay for the appellant's hours of consulting prior to appellee unilaterally rescinding the contract, and it did not return all of the computer disks, as admitted by Dwain Key in his testimony.

■ Furthermore, the forum-selection clause provided, "All disputes arising out of this Agreement" were to be litigated in California. Although appellee contends that its action for declaratory judgment is not subject to this clause, the clear fact is that if not for the Agreement between the parties, such an action would not have been filed. We cannot say that the declaratory judgment action was not a result of a dispute arising out of the Agreement.

■ Appellee further contends that appellant was inconsistent in arguing that exclusive jurisdiction was in California while requesting and receiving attorney's fees after it prevailed on its counterclaim in Arkansas when attorney's fees would not be allowed in a California court. We find no such inconsistency. The allowance of attorney's fees is penal in nature, and is a procedural matter governed by the laws of the State of Arkansas. *USAA Life Ins. Co. v. Boyce*, 294 Ark. 575, 745 S.W.2d 136 (1988). Appellant was forced to litigate in Arkansas and prevailed on its counterclaim for breach of contract against appellee; therefore, it was entitled by Arkansas law to attorney's fees. Ark. Code Ann. § 16-22-308 (Repl. 1999).

■ We hold that the trial judge erred as a matter of law in denying appellant's request to enforce the forum-selection clause.

Reversed and dismissed.

ROBBINS and CRABTREE, JJ., agree.