Fred R. CALVERT, Jr. *v.* ESTATE of FRED R. CALVERT, SR.

CA 06-1036                                           259 S.W.3d 456

Court of Appeals of Arkansas
Opinion delivered June 20, 2007

[Rehearing denied August 1, 2007.]

*Putman Law Firm*, by: *William B. Putman*, for appellant.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *William Jackson Butt, II*, and *Casey Dorman Lawson*, for appellee.

L ARRY D. VAUGHT, Judge. This appeal challenges the award of attorney's fees. Appellant Fred Calvert, Jr., contends that the trial court erred in awarding attorney's fees to appellee, the Estate of Fred Calvert, Sr., deceased. We disagree and affirm.

On October 17, 1972, Felix F. Calvert and his wife Ethyl F. Calvert, appellant's grandparents, created an irrevocable trust known as "The Fred R. Calvert 1972 Trust." The trust appointed Fred Calvert, Sr. (the son of Felix and Ethyl and appellant's father), Pat Anderson (the daughter of Felix and Ethyl and appellant's

aunt), and Robert J. Austin as trustees. Felix and Ethyl deeded several parcels of real estate to the trustees to be held in trust for their son, Fred Calvert, Sr., as the primary beneficiary of the trust. The trust provided that the principal of the trust could be distributed at any time, at the discretion of the trustees, as necessary for the primary beneficiary's health, education, support or other expenses of maintenance. The trust also provided that upon the death of Fred Calvert, Sr., his interest in the trust would terminate, but the trust would continued for the benefit of his children. Finally, the trust contained a choice-of-law provision that provided:

> In the administration of this trust the Trustee shall act independent of control by any court and shall be under all of the duties and shall have all of the powers conferred upon trustees by the Texas Trust Act, and by any amendments to the Texas Trust Act subsequent to the date hereof, except for any instance in which the Texas Trust Act may conflict with the express provisions of the Trust Agreement, in which instance the provisions hereof shall control.

In October 1977, the trustees filed a warranty deed conveying real property from the trust to Fred Calvert, Sr., who subsequently sold various parcels to third parties. Fred Calvert, Sr., died on June 21, 2003.

In 2004, appellant, the only child of Fred Calvert, Sr., and his wife, Sharon Calvert, filed this action against appellee in the Circuit Court of Madison County alleging that the 1977 conveyance of property from the trustees to Fred Calvert, Sr., was invalid and that appellant was entitled to any property still remaining in the estate as well as any cash or other estate assets derived from the sale of such property. The claim was denied by the personal representative of the estate.

On December 9, 2005, a hearing was held on appellant's claims against the estate, and, thereafter, the trial court issued an opinion finding that Texas law applied to the dispute and, that under the trust agreement, there was no breach of fiduciary duty, fraud, bad faith, or negligence on the part of the trustees, nor any rights of appellant to recover as a beneficiary of the trust. The estate then filed a motion for attorney's fees pursuant to the Arkansas Trust Code, Ark. Code Ann. § 28-73-1004 (Supp.

2005),[1] and, alternatively, pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999).[2] The trial court found that the attorney's fees issue was governed by section 16-22-308, and our supreme court's holding in *Bailey v. Delta Trust & Bank*, 359 Ark. 424, 198 S.W.3d 506 (2004);[3] granted the estate's motion; and issued an order awarding attorney's fees, along with costs, witness fees and mileage, to the estate in the amount of $21,800.57. Appellant has appealed from this order.

Appellant contends that the trial court erred in awarding attorney's fees because his claim against the estate sounded in tort rather than in contract, and therefore section 16-22-308 is inapplicable. Appellant further argues that *Bailey* does not apply because in *Bailey* the award of attorney's fees was reversed not because of a challenge to the nature of the cause of action (tort or contract) but because the party that was awarded fees was not the prevailing party below.

Attorney's fees are not allowed except where expressly provided for by statute. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006). An award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Id.* While the decision to award attorney's fees and the amount awarded are reviewed under an abuse of discretion standard, we review factual findings by a circuit court under a clearly erroneous standard of review. *Id.*

---

[1] Section 28-73-1004 provides that "[i]n a judicial proceeding involving the administration of a trust, a court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."

[2] Section 16-22-308 provides in pertinent part that "[i]n any civil action to recover on a . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

[3] *Bailey* involved the interpretation of a trust agreement. A dispute arose between the primary beneficiary of the trust and the trustee/remainder beneficiaries concerning the settlor's intent of the trust. 359 Ark. at 428, 198 S.W.3d at 510. The primary beneficiary prevailed and was awarded attorney's fees. *Id.* at 431, 198 S.W.3d at 512. This issue was not appealed. The trial court also awarded attorney's fees to the remainder beneficiaries, but the award was conditional on the outcome of the appeal. *Id.* The primary beneficiary appealed the award of attorney's fees to the remainder beneficiaries, and the supreme court reversed the award, holding that, under Arkansas Code Annotated section 16-22-308, the remainder beneficiaries were not the prevailing party and therefore were not entitled to attorney's fees. *Id.* at 442, 198 S.W.3d at 520.

We need not address the issue of whether the trial court erred in awarding appellee attorney's fees under section 16-22-308 and/or *Bailey* because we affirm the award of attorney's fees for other reasons. *See State v. Hatchie Coon Hunting & Fishing Club*, 98 Ark. App. 206, 254 S.W.3d 11 (2007) (holding that we may affirm where a trial court reaches the right result for the wrong reason).

We affirm the award of attorney's fees based on Texas law pursuant to the Texas Trust Code. As previously stated, the trust agreement in the instant case expressly stated that the Texas Trust Act governed administration of the trust except in any circumstance where the Texas Trust Act conflicted with the trust agreement. Appellant, in his amended claim alleged that the application and interpretation of the trust should be governed by the applicable laws of the State of Texas. The trial court applied Texas law in reaching its decision on the substantive claims, and this decision was not appealed by the parties. Likewise, the trial court should have applied Texas law and the Texas Trust Code to answer the attorney's fees question.

The Texas Trust Code provides that "[i]n any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." Tex. Prop. Code Ann. § 114.064 (Vernon 1995). This statute authorizes the award of attorney's fees in cases involving a trust-agreement dispute. *See Texarkana Nat'l Bank v. Brown*, 920 F. Supp. 706 (E.D. Tex. 1996) (holding that Texas Trust Code applied to beneficiaries' counterclaim, which was based on allegations that trustee breached terms of trust and/or was negligent in management of trust, and provided an independent basis for an award of attorney's fees); *Lyco Acquisition 1984 Ltd. v. First Nat'l Bank of Amarillo*, 860 S.W.2d 117 (Tex. App. 1993) (holding that original suit of appellant, which included allegations that appellee/trustee breached its fiduciary duty to appellant/beneficiary of trust, constituted a proceeding under the Texas Trust Code and that attorney's fees under the Code could be awarded).

Although filed in Arkansas, there is no question that this was a proceeding brought pursuant to, and decided by, Texas law, namely the Texas Trust Code. As such, the attorney's fees statute found in the Texas Trust Code was applicable and sup-

ported the trial court's award of attorney's fees to the estate. Therefore, we hold that the award of attorney's fees to the appellee was proper, and we affirm.

If we were to apply Arkansas law to this case, our result would remain the same — we would affirm. However, we would affirm for different reasons than those stated by the trial court. *See Hatchie Coon Hunting & Fishing Club, supra.*

The Arkansas Trust Code has a provision, which is similar to that found in the Texas Trust Code, that provides: "In a judicial proceeding involving the administration of a trust, a court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Ark. Code Ann. § 28-73-1004. The case at bar was a judicial proceeding that involved the administration of a trust.[4] Therefore, the Arkansas Trust Code also supports the award of attorney's fees to appellee.

Affirmed.

BIRD, J., agrees.

HEFFLEY, J., concurs.

SARAH J. HEFFLEY, Judge, concurring. I agree with the majority in affirming the trial court's decision to award attorney's fees; however, I believe Arkansas law governs the issue of attorney's fees and would therefore affirm using Arkansas law.

As the majority states, there is no question that the substantive issue in this case was decided pursuant to the Texas Trust Code as dictated by the provisions of the trust in question. The use of Texas law to decide the substantive issue, however, does not imply that Texas law applies to a procedural issue as well. *See Norton v. Luttrell*, 99 Ark. App. 109, 257 S.W.3d 580 (2007) ("Under traditional conflicts-of-law analysis, procedural matters are governed by the law of forum, which, in this case, was the State of Arkansas."); *see also John Hancock Mut. Life Ins. Co. v. Ramey*, 200 Ark. 635, 140 S.W.2d 701 (1940) (holding that while Michigan law applied to determine the rights and liabilities of the parties

---

[4] The Restatement (Second) of Trusts § 178 (1959) states that a trustee has the duty to defend actions against the trust, which may result in a loss to the trust estate, and this duty is included within the general heading: "Administration of a Trust."

under a contract, all procedural matters would be determined by the law of forum). Our case law has established that "[t]he allowance of attorney's fees is penal in nature, and is a procedural matter governed by the laws of the State of Arkansas." *BAAN, U.S.A. v. USA Truck, Inc.,* 82 Ark. App. 202, 209, 105 S.W.3d 784, 789 (2003); *see also Am. Physicians Ins. Co. v. Hruska,* 244 Ark. 1176, 428 S.W.2d 622 (1968); *New Empire Life Ins. Co. v. Bowling,* 241 Ark. 1051, 411 S.W.2d 863 (1967); *City of Ozark v. Nichols,* 56 Ark. App. 85, 937 S.W.2d 686 (1997).

The case of *New Empire Life Ins. Co. v. Bowling, supra,* is particularly instructive in this instance. In *New Empire,* the trial court applied Missouri law to the interpretation of a provision in a life-insurance contract, which was the substantive issue of the case. The case was decided by a jury in the plaintiff's favor, and the plaintiff asked the court for attorney's fees under Arkansas statutory law. The trial court rejected the request, holding that Missouri law also governed the issue of attorney's fees, and that the plaintiff had not met its burden of showing the insurance company's actions were "vexatious" as required by Missouri law. Our supreme court reversed, holding that the question of attorney's fees was a procedural one to be governed by the law of the forum state.

In the case at bar, the trial court applied Texas law to the substantive issue, the interpretation of the trust, but applied Arkansas law to the issue of attorney's fees. This decision was correct and in accord with established precedent. And, notably, neither party has argued on appeal that Texas law should have been applied to the attorney's fee issue. The trial court cited Ark. Code Ann. § 16-22-308 (Repl. 1999) and *Bailey v. Delta Trust & Bank,* 359 Ark. 424, 198 S.W.3d 506 (2004), as authority for its decision to award attorney's fees in this case, and while appellant argues to the contrary, I believe the trial court's interpretation of, and reliance on, *Bailey* and its use of Ark. Code Ann. § 16-22-308 was justified, and this court should affirm on that basis.

Alternatively, I agree with the majority that the award of attorney's fees would be justified in this case under Ark. Code Ann. § 28-73-1004 (Supp. 2005), which authorizes the court to award costs and expenses, including reasonable attorney's fees, "in a judicial proceeding involving the administration of a trust." Whichever statutory provision is applied, I believe Arkansas law governs the issue of attorney's fees in this case, and I see no need to

apply, nor authority that justifies the use of, Texas law to decide this issue. For these reasons, I concur with the conclusion reached by the majority.