# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2747

_____

Randy Kinder Excavating, Inc.

*Plaintiff - Appellant*

Tricon Precast, Ltd.

*Plaintiff*

v.

JA Manning Construction Company, Inc.

*Defendant - Appellee*

Granite Re, Inc.

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 13, 2021
Filed: August 9, 2021

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Randy Kinder Excavating, Inc. (Kinder) appeals the district court's[1] award of $283,609.15 in attorneys'[2] fees to JA Manning Construction Company, Inc. (Manning). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

This case concerns a disagreement over attorneys' fees arising out of a contract dispute between Kinder (a general contractor) and Manning (a subcontractor), where the district court found in favor of Manning. The facts of the underlying claims are largely irrelevant to this appeal and can be found in <u>Randy Kinder Excavating, Inc. v. JA Manning Construction Co.</u>, 899 F.3d 511 (8th Cir. 2018), where this Court upheld the district court's judgment in favor of Manning.

After we affirmed the district court, it considered Granite Re, Inc. (Granite)[3] and Manning's motion for attorneys' fees, costs, expenses, and pre-judgment interest. Manning and Granite sought attorneys' fees in the amount of $356,046.25 as well as costs and expenses in the amount of $26,363.62. Kinder responded, arguing that (1) the subcontract between Kinder and Manning provided that Missouri

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

[2]Because Manning and Granite were represented by multiple attorneys, we use the plural possessive "attorneys'" to refer to their requested fees in this action but otherwise use the singular possessive "attorney's" when discussing the law regarding "attorney's fees."

[3]"In the underlying action, [Granite], as surety, and Manning, as principal, executed payment and performance bonds in favor of Kinder, as obligee. Kinder brought its breach of contract action against [Granite] for breach of the surety agreement and breach of contract." R. Doc. 146, at 3.

law would govern;[4] (2) neither Missouri state law nor the subcontract entitled Manning or Granite to recover attorneys' fees from Kinder; (3) even if Arkansas law applied, as the law of the forum state, the fees requested were unreasonable; (4) under Arkansas law, Granite, as a surety for Manning, could not recover attorneys' fees; and (5) Granite could not recover the fees associated with Manning's claims against Kinder.  The district court found that because the issue of attorneys' fees was procedural under Arkansas law, Arkansas law applied and permitted Manning to recover reasonable attorneys' fees.  However, the district court also found that Arkansas law barred Granite as Manning's surety from recovering the requested attorneys' fees.  Because Manning and Granite were represented by the same counsel and their initial request stated the applicable fees collectively, the district court ordered Manning to file an amended fee petition requesting reasonable and appropriate fees related only to the legal representation of Manning and its breach-of-contract claim.

Manning submitted an amended petition and requested attorneys' fees in the amount of $296,857.90 and costs in the amount of $26,363.62, and ultimately agreed to reduce its attorneys' fees request to $283,609.15.  Kinder argued again that Manning was not entitled to the requested fees because the fees in essence were an impermissible award of attorneys' fees to Granite, which in part funded Manning's litigation against Kinder.  Additionally, Kinder argued that the request was not limited to fees incurred solely by Manning as instructed by the district court, but instead included fees that were concurrently incurred by Granite.  The district court ultimately found that Manning's requested costs and fees were reasonable and awarded the same to Manning.  Kinder appeals the district court's determination, arguing that Manning is not entitled to attorneys' fees (1) under Missouri law or the subcontract; (2) under Arkansas law because the requested fees are in essence an

---

[4]The subcontract contained the following language: "The laws of the State of Missouri shall govern this subcontract.  [Manning] shall be liable for all damages, costs, and expenses, including attorneys' fees incurred by [Kinder] in enforcing the terms and conditions of this subcontract."  R. Doc. 141-2, at 6.

impermissible award to Granite for attorneys' fees; and (3) because the request included fees that were concurrently incurred by Granite.[5]

## II.

First, Kinder contends that the district court erred in applying Arkansas law because the subcontract includes a choice-of-law provision designating Missouri law as the law governing the subcontract. As such, Kinder argues that Missouri law applies and that accordingly Manning is not entitled to attorneys' fees or costs. We review the district court's determination of which state's law to apply de novo. See Schwan's Sales Enters., Inc. v. SIG Pack, Inc., 476 F.3d 594, 596 (8th Cir. 2007). As a federal court sitting in diversity, we apply state law governing the award of attorney's fees, see Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp., 729 F.3d 846, 852 (8th Cir. 2013), but to determine which state's law to apply, we look to the conflict-of-law principles of Arkansas, the forum state, see Schwan's Sales Enters., Inc., 476 F.3d at 595. Under its conflict-of-law principles, Arkansas courts apply another state's law only when the issue before the court is substantive rather than procedural. Cf. Gomez v. ITT Educ. Servs., Inc., 71 S.W.3d 542, 545 (Ark. 2002) (applying Arkansas conflict-of-law principles after determining that the matter at issue was substantive rather than procedural under Arkansas law); see also Doan v. Consumer Testing Lab'ys, Inc., 2 F. Supp. 2d 1209, 1212 (W.D. Ark. 1998) (noting that "Arkansas conflict-of-laws rules would require application of" the other state's laws only where the relevant law "would be characterized as 'substantive,' rather than 'procedural'" (citation omitted)). And Arkansas treats the issue of attorney's fees as "a procedural matter governed by the laws of the State of Arkansas." BAAN, U.S.A. v. USA Truck, Inc., 105 S.W.3d 784, 789 (Ark. Ct. App. 2003) (citing USAA Life Ins. Co. v. Boyce, 745 S.W.2d 136 (Ark. 1988)).

---

[5]Kinder raises no independent argument on appeal related to the district court's award of costs to Manning. Accordingly, we construe Kinder's arguments against the award of costs, if any, as subsumed within Kinder's contentions that Manning's recovery of attorneys' fees is impermissible.

Accordingly, the district court properly applied Arkansas state law to decide the matter.

III.

Alternatively, Kinder argues that even if Arkansas law applies, Manning is not entitled to attorneys' fees. While we generally "review the district court's award of attorney's fees for abuse of discretion," Miller v. Dugan, 764 F.3d 826, 830 (8th Cir. 2014), we review legal issues related to the award of attorney's fees de novo, Advantage Media, L.L.C. v. City of Hopkins, 511 F.3d 833, 836 (8th Cir. 2008). Arkansas law states:

> In any civil action to recover on a[] . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308. Thus Manning, as the prevailing party in this breach of contract action, is entitled to attorneys' fees unless the subcontract provides otherwise. Here, the subcontract expressly provides for Kinder's ability to recover attorneys' fees but is silent as to Manning's ability to recover. Specifically, the subcontract does not state that Manning is entitled to recover attorneys' fees incurred in enforcing the terms of the subcontract, nor does it provide that Manning is not entitled to recover such attorneys' fees. Kinder argues that this silence operates as Manning's waiver of its right to attorneys' fees under § 16-22-308. However, faced with a similar unilateral attorney's fees provision in Arkansas Industrial Development Commission v. FABCO of Ashdown, Inc., the Arkansas Supreme Court found that the prevailing parties in a breach-of-contract claim had not waived

their rights to attorney's fees even though the attorney's fees provision in the contract was silent as to their right to recover such fees. See 847 S.W.2d 13, 16 (Ark. 1993).[6]

Even so, Kinder argues that because the subcontract states that it is governed by Missouri law, under which attorney's fees are not generally awarded unless expressly "provided for in a contract or when they are authorized statutorily," see Berry v. Volkswagen Grp. of Am., Inc., 397 S.W.3d 425, 431 (Mo. 2013) (en banc), the parties contemplated and waived Manning's right to recover attorneys' fees under § 16-22-308. We construe Kinder's argument as nothing more than an attempt to revive its failed choice-of-law argument. Arkansas courts have found that the presence of a choice-of-law provision has no bearing on a party's right to recover attorney's fees under § 16-22-308. See BAAN, U.S.A., 105 S.W.3d at 789 (finding that the prevailing party was permitted to recover attorney's fees under Arkansas law even though the contract at issue was governed by California law, where attorney's fees would not have been recoverable). Accordingly, we find that the subcontract's silence as to Manning's ability to recover attorneys' fees as the prevailing party does not operate as a waiver of its right to recover such fees under § 16-22-308.

Additionally, Kinder argues that § 23-79-208 prohibits Manning from recovering attorneys' fees because such an award would essentially be an impermissible award of attorneys' fees to Granite, Manning's surety, which in part funded the litigation. Section 23-79-208 states in part:

---

[6]The prevailing parties in that case, defined as "Guarantor" in their respective agreements, signed individual guarantee agreements that stated: "[G]uarantor agrees to pay all costs, expenses and fees, including all reasonable attorney's fees which may be incurred by AIDC in enforcing or attempting to enforce this Guaranty Agreement following any default on the part of the Guarantor hereunder, whether the same shall be enforced by suit or otherwise." Id. at 16 (alteration in original). The agreement was silent as to "Guarantor's" entitlement to attorney's fees. See id.

> In no event will the holder of the policy or his or her assigns be liable for the attorney's fees incurred by the insurance company . . . in the defense of a case in which the insurer is found not liable for the loss.

Ark. Code Ann. § 23-79-208(a)(2). In its first order concerning the parties' request for attorneys' fees, which is not under consideration on appeal, the district court found that § 23-79-208(a)(2) barred Granite's ability to recover attorneys' fees from Kinder because Granite was an insurance company which had issued a policy (here, a surety bond) to Kinder, the "holder" of that policy. But even assuming without deciding that § 23-79-208(a)(2) bars Granite from recovering attorneys' fees that Granite incurred in conducting its defense, the fees at issue here were not "incurred by" Granite but rather by Manning. We agree with the district court that it is of no moment that Granite may have incidentally benefitted from these legal services or that Granite helped finance the litigation because the fees were incurred by Manning—which is not an insurance company—for its breach-of-contract defense and counterclaim. Because the requested attorneys' fees were incurred by Manning, Manning's recovery of such attorneys' fees is not prohibited under § 23-79-208.

Lastly, Kinder argues that the district court's award of attorneys' fees is unreasonable because Manning's amended request contained fees concurrently incurred by Granite in conducting its defense. In substance, Kinder merely repeats its prior argument: the contested amount represents legal services which, although incurred by Manning, benefitted Granite. For the reasons set forth above, we also reject this argument.

## IV.

For the foregoing reasons, the order of the district court is affirmed.

_____